



100 William Street • New York, NY • 10038
(P) 212.430.6400 • (F) 212.430.6405
www.carabbalocke.com

January 19, 2010

**BY HAND**

Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/10

RECEIVED
JAN 20 2010
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

Re:  Malena, et al. v. Victoria's Secret Direct, LLC, et al., 09 Civ. 5849 (WHP) (AJP)

Dear Judge Pauley:

    We represent the Plaintiff in the above-referenced putative collective and class action arising under the overtime provisions of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law. We write pursuant to the Court's Individual Practices to respectfully request a pre-motion conference for Plaintiff's anticipated motion for preliminary certification as a collective action pursuant to § 216(b) of the FLSA.

    By way of brief background, Defendants employed Plaintiff as an Executive Assistant in their New York office from November 2006 through February 2009. During that time, Plaintiff and Defendants' other Executive Assistants[1] worked significantly more than 40 hours per week but did not receive overtime pay. Defendants do not dispute that their Executive Assistants did not receive overtime pay. Rather, Defendants contend that Plaintiff and the other Executive Assistant were properly classified as exempt from the overtime requirements of the FLSA pursuant to the administrative employee exemption. Because Plaintiff and the other Executive Assistants are plainly not exempt employees, we request permission to file a motion seeking preliminarily certification as a collective action, compelling Defendants to disclose the names and contact information of the other putative class members and permitting Plaintiff to send a Notice of Lawsuit to the putative class members.

    Where, as here, a case is in its early stages and extensive discovery has not occurred, Plaintiff bears a "minimal burden" of establishing her entitlement to preliminary collective

---

[1] In the Complaint, Plaintiff included Administrative Assistants as members of the putative class. However, the limited discovery thus far indicates that Defendants' Administrative Assistants were paid overtime pursuant to the fluctuating workweek method. At this time, and pending further discovery concerning whether Defendants' use of the fluctuating workweek method was proper, Plaintiff is limiting her anticipated motion to Executive Assistants.


Carabba Locke LLP

action certification by establishing that she and the putative class members are "similarly situated" and "courts should be mindful of the remedial purposes of the FLSA" when deciding motions for collective action certification. Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (citations omitted). Indeed, this Court has previously recognized that "[i]n the early stages of litigation, courts employ a relatively lenient evidentiary standard to determine whether a collective action is appropriate." Toure v. Cent. Parking Sys. of New York, 05 Civ. 5237 (WHP), 2007 U.S. Dist. LEXIS 74056 at *6 (S.D.N.Y. Sept. 28, 2007). See also Ayers v. SGS Control Serv., Inc., 03 Civ. 9078 (RMB) (RLE), 2004 U.S. Dist. LEXIS 25646 at *14 (S.D.N.Y. Dec. 21, 2004) ("[p]laintiff's burden is relatively light, considering the determination of whether potential plaintiffs are 'similarly situated' is merely preliminary") (citation omitted).

In order to meet the minimal burden of establishing that the potential opt-in plaintiffs are "similarly situated" to the named plaintiff, Plaintiff need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (collecting cases). See also Toure, 2007 U.S. Dist. LEXIS 74056 at *6 (quoting Hoffman). Specifically, "[t]he focus of this inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated under [§ 216(b)] with respect to their allegations that the law has been violated" and the named plaintiffs "need only demonstrate a factual nexus between his or her situation and the situation of other current and former employees." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citations omitted). "The standard in this circuit is clear; the merits of plaintiffs' claims are not at issue in a motion for conditional certification." Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008).

To lose the right to overtime compensation as an exempt administrative employee under the FLSA, an employee's "primary duty" must be "directly related to the management or general business operations of the employer" and must "include the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. §§ 541.200(a), (b). The U.S. Department of Labor's regulations provide an example that "[a]n executive assistant or administrative assistant to a business owner or senior executive of a large business generally meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d). Here, Plaintiff and Defendants' other Executive Assistants do not meet this high standard. As set forth at paragraph 42 of the Complaint, Plaintiff's job duties and those of the other Executive Assistants are routine and rote, and included matters such as scheduling meetings as directed by their superiors, answering phones, sorting mail, maintaining calendars, calling for messenger pick-ups, making travel arrangements per their superiors' requests, typing, maintaining supplies and making copies. Discovery thus far reveals that Plaintiff's "position profile" lists as the "essential functions" of Plaintiff's job the "ability to read, ability and willingness to do light lifting [and the] ability to

Honorable William H. Pauley III
Page 3 of 3


Carabba Locke LLP

communicate both verbally and in writing." Nothing in her duties or job description even remotely approaches the requisite "authority over matters of significance." At minimum, this indicates that there is a colorable claim that Plaintiff and the other Executive Assistants were misclassified and should have received overtime wages. See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003) (as long as named plaintiffs make "colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff").

With respect to the scope of the class, Plaintiff will seek to have all Executive Assistants employed by each of the corporate Defendants receive the Notice of Lawsuit. This is because all that Plaintiff is required to show is that each of the putative class members were subject to the same policy (i.e. denial of overtime) that she was. See Cano v. Four M Food Corp., 08 CV 3005 (JFB) (AKT), 2009 U.S. Dist. LEXIS 7780 at *20 (E.D.N.Y. Feb. 3, 2009) (granting conditional certification, collecting cases and holding that "[a]s long as [the prospective class members] were all similarly situated *with respect to being subject to the same policy* of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate"). Here, Plaintiff's anticipated motion will contain clear evidence that the Executive Assistants employed by each of the named Defendants were subject to the same policy of improper classification. This evidence includes the employee handbook and numerous other employment policies concerning work schedules, overtime pay, and the recording of hours worked, which on their face are applicable to employees of each of the corporate Defendants.

Thank you for your consideration.

Respectfully submitted,

CARABBA LOCKE LLP

By: _____
Jeffrey Schulman (JS 0702)

100 William Street
New York, New York 10038
212-430-6400
*Attorneys for Plaintiff*

cc: Michael G. Long (*via* facsimile)
    *Counsel for Defendants*

Application Granted. The Court will hold a pre-motion conference on March 5, 2010 at 9:45 a.m.
SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

February 9, 2010