UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
:
FREDDA MALENA,
*individually and on behalf of all others
similarly situated*, :    09 Civ. 5849 (WHP)
                  Plaintiff, :
                                        MEMORANDUM & ORDER
       -against- :

VICTORIA'S SECRET DIRECT, LLC, et al., :

:
                  Defendants.
----------------------------------X

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: 11/16/10]

WILLIAM H. PAULEY III, District Judge:

       Defendants move for partial summary judgment dismissing Plaintiff Fredda Malena's ("Malena") claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and the New York State Labor Law, N.Y. Lab. L. § 650 et seq. for failure to pay overtime wages. Malena moves for preliminary certification of a class and approval of the proposed notice pursuant to the FLSA, 29 U.S.C. § 216(b). For the following reasons, Defendants' motion is denied and Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

       Between November 2006 and February 2009, Malena was employed as an Executive Assistant, first by Victoria's Secret Direct Media, Inc. ("VDM") and then by Victoria's Secret Brand Management, Inc. ("VBM"). During that time, Malena worked directly for Defendant Ann O'Malley ("O'Malley"). (Affidavit of Fredda Malena dated Apr. 7, 2010 ("Malena Aff.") ¶ 2.) Malena asserts that she spent her working hours maintaining O'Malley's

calendar, making travel arrangements for her, performing clerical tasks, and running errands. (Malena Aff. ¶ 6.) Plaintiff claims that O'Malley gave her specific instructions such that she "did not make any independent decisions" in performing her job tasks. (Malena Aff. ¶ 6.) Malena further claims that other Executive Assistants employed by Defendants had similar duties and responsibilities. (Malena Aff. ¶ 7.) Defendants submit several nearly-identical affidavits from Executive Assistants who contend that they "routinely exercise[d] their own independent judgment and discretion" in performing many tasks. (Defs. 56.1 Stmt. ¶¶ 19-31.)

Defendants paid Malena and other Executive Assistants on a salaried basis. They did not pay overtime wages or keep time records. (Defs. 56.1 Stmt. ¶¶ 17-18). This company-wide policy was instituted after the United States Department of Labor ("DOL") conducted an audit of various positions at Victoria's Secret Stores, LLC ("VSS") to determine whether those positions were properly classified as exempt from FLSA's overtime pay provisions. (Defs. 56.1 Stmt. ¶¶ 3-8; Declaration of Michael C. Griffaton dated Mar. 17, 2010 ("Griffaton Decl.") Ex. A: Declaration of Douglas L. Williams dated Mar. 16, 2010 ("Williams Decl.") ¶¶ 6-10.) The DOL audit report (the "DOL Report") characterized some employees as having "gray area job duties." (Williams Decl. at Ex. 1: DOL Report dated Aug. 23, 2005 ("DOL Report") at 5.) The audit further observed: "Jobs are constantly changing with team approaches. This company is growing, particularly considering that they have only been in business for ten years." (DOL Report at 5.) The DOL Report concluded that the one executive assistant position that was audited was properly classified as exempt. (DOL Report at 6.) The DOL Report did not address Executive Assistant positions generally, either at VSS or any of the other corporate defendants. (See generally DOL Report.)

In April 2005, Douglas L. Williams, Senior Vice President and General Counsel for all of the corporate defendants, comprehensively reviewed all job positions with the assistance of outside counsel. (Defs 56.1 Stmt. ¶¶ 9-12; Williams Decl. ¶¶ 11-15.) Following that review, the corporate defendants adopted a policy that: "Executive Assistants who support a Chief Executive Officer or who support a Senior Vice President (or Brand Function Head) who reports directly to the Chief Executive Officer would be properly classified as exempt from the FLSA overtime pay provisions." (Defs. 56.1 Stmt. ¶ 13.)

## DISCUSSION

I. Summary Judgment

    a. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Davis v. Blige, 505 F.3d 90, 97 (2d Cir. 2007). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the moving party has made the initial showing that there is no genuine issue of material fact, the non-moving party cannot rely on the "mere existence of a scintilla of evidence" to defeat summary judgment but must set forth "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original); Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003)

(citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Matsushita, 475 U.S. at 586-87). The Court resolves all factual ambiguities and draws all inferences in favor of the non-moving party. Liberty Lobby, 477 U.S. at 255; Jeffreys v. City of N.Y., 426 F.3d 549, 553 (2d Cir. 2005).

b. Good Faith Defense

"The Portal Act was designed to protect employers from liability if they took certain actions on the basis of an interpretation of the law by a government agency, even if the agency's interpretation later turned out to be wrong." Equal Emp't Opportunity Comm'n v. Home Ins. Co., 672 F.2d 252, 263 (2d Cir. 1982); see 29 U.S.C. § 259. "[T]he Portal Act defense requires the employer to establish three interrelated elements: (1) that its action was taken in reliance on a ruling of the Administrator, (2) that it was in conformity with that ruling, and (3) that it was in good faith." Home, 672 F.2d at 263. "Published opinion letters and published regulations of the Wage-Hour Administrator may establish the [Portal Act good faith] defense, but only if they give the employer guidance with respect to the employer's specific proposed action." Mascol v. E&L Transp., Inc., 387 F. Supp. 2d 87, 100 (E.D.N.Y. 2005).

Defendants assert that they are entitled to summary judgment because they relied on the DOL FLSA audit of VSS employees in deciding to exempt Executive Assistants employed by all corporate defendants from FLSA overtime requirements. However, the DOL Report was limited in scope. The DOL Report only considered the classification of one Executive Assistant who worked for VSS in Columbus, Ohio. Because it did not address classification of all Executive Assistants across the various corporate entities, Defendants cannot

show that their action was "taken in reliance on a ruling of the Administrator" and "in conformity with that ruling." See Home, 672 F.2d at 263; Mascol, 387 F. Supp. 2d at 100.

Additionally, Defendants assert that they relied on DOL regulations and the DOL Field Handbook in developing the policy classifying Executive Assistants as exempt. In particular, Defendants cite DOL regulations to the effect that:

> Executive secretaries customarily and regularly exercise discretion and independent judgment in matters of significance rather than adhere to a set of prescribed procedures or specific instructions by: arranging interviews and meetings, determining whether to handle interviews and meetings themselves, replying to correspondence, preparing replies for the executive, and determining whether they should respond or whether the executive should.

(See Griffaton Decl. Ex. X: U.S. DOL Wage and Hour Division, Field Operations Handbook § 22d11.) However, the parties dispute what the "primary duties" of Executive Assistants are. For example, the parties disagree about whether Executive Assistants were authorized to exercise independent judgment and discretion over executives' calendars. Indeed, Malena challenges the accuracy of several of the declarations submitted by Defendants to that effect based on her personal knowledge. (See Malena Aff. ¶¶ 7-14.)

The fact that the General Counsel and his outside counsel concluded that Executive Assistants performed the duties outlined in the DOL regulations does not resolve this factual dispute. The Portal Act is "not intended to make each employer his own judge of whether or not he has been guilty of a violation." Home, 672 F.2d at 265 (internal quotation marks and citation omitted). Accordingly, because the contours of Executive Assistants' duties are in dispute, Defendants' motion for partial summary judgment is denied. See Home, 672 F.2d

at 264; Mascol, 387 F. Supp. 2d at 100; Astudillo v. U.S. News & World Report, No. 02 Civ. 7902 (WHP), 2004 WL 2075179 at *3 (S.D.N.Y. Sept. 17, 2004).

II. Conditional Certification

Under the FLSA, potential class members in a collective action must affirmatively opt-in to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on a potential class member's claim until she files written consent with the Court. 29 U.S.C. § 256(b). Although the FLSA does not provide for notice of the collective action, courts have discretion to authorize such notice. See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170-71 (1989); Toure v. Cent. Parking Sys. of N.Y., No. 05 Civ. 5237 (WHP), 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007); see also Myers v. The Hertz Corp., ---F.3d ----, 2010 WL 4227452, at * 1 (2d Cir. 2010). A court will examine the pleadings and affidavits to determine whether the class members are similarly situated and, if so, "conditionally certify" the action. Toure, 2007 WL 2872455, at *2.

The standard for conditionally certifying a collective action is a "lenient evidentiary standard." Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 58 (S.D.N.Y. 2009); see also Anglada v. Linens 'N Things Inc., No. 06 Civ. 12901 (CM), 2007 WL 1552511, at *3 (S.D.N.Y. Apr. 26, 2007); Toure, 2007 WL 2872455, at *2. A plaintiff must make a "modest factual showing sufficient to demonstrate that [she] and [the class members] together were victims of a common policy or plan that violated the law." Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008). A court must determine whether there is a "factual nexus" between the plaintiff's circumstances and those other employees. Toure, 2007

WL 2872455, at *2; see also Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007). After discovery, a defendant may move to de-certify the class if discovery reveals that plaintiffs are not similarly situated. Toure, 2007 WL 2872455, at *3; Vaicaitiene v. Partners In Care, Inc., No. 04 Civ. 9125 (RMB), 2005 WL 1593053, at *7 (S.D.N.Y. Jul. 6, 2005).

Malena seeks preliminary certification. The proposed class includes all individuals employed as Executive Assistants by Defendants within the past three years. The parties do not dispute that Executive Assistants were not paid overtime for hours worked in excess of 40 hours per week. Thus, Malena has made the "modest factual showing" that she and other potential class members were subject to a "common policy or plan." Accordingly, Malena's motion for preliminary certification as a collective action is granted. See Malloy v. Richard Fleishman & Assocs., 09 Civ. 322 (CM) 2009 WL 1585979, *3 (S.D.N.Y. June 3, 2009) ("[P]laintiff has more than satisfied his de minimis burden of showing that he is 'similarly situated' to the proposed class members.").

III. Notice

Under the FLSA, the content of the notice is left to the court's discretion. "Courts consider the overarching policies of the collective suit provisions" and whether the proposed notice provides "accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." Delaney, 261 F.R.D. at 59; Fasanelli, 516 F. Supp. 2d at 323.

Defendants object to the proposed notice submitted by Malena and seek leave to add a more complete description of their position and to modify that portion of the proposed

notice summarizing the collective action. But Defendants have not specified how they would modify the notice. Accordingly, the parties are directed to meet and confer by November 30, 2010 regarding the form of notice to be submitted to the Court for approval.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment dismissing the FLSA and the New York State Labor Law claims is denied, and Plaintiff's motion for collective action certification is granted in part and denied in part. The parties are directed to submit a proposed notice for approval by the Court no later than December 7, 2010. If the parties cannot agree on a form of notice, they shall submit letter memoranda by December 7, 2010.

Dated: November 16, 2010
      New York, New York

                                                SO ORDERED:

                                        WILLIAM H. PAULEY III
                                        U.S.D.J.

*Counsel of Record:*

Anthony Carabba, Jr., Esq.
Carabba Locke LLP
100 William Street, Suite 310
New York, NY 10038
(212) 430-6400
*Counsel for Plaintiff*

Stephen F. Harmon, Esq.
Troutman Sanders LLP
405 Lexington Avenue
New York, NY 10174

Michael G. Long, Esq.
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216
*Counsel for Defendants*